of 1919, the taxpayer relinquished his right to 36 shares of common stock of Walworth Brothers, Inc., and received from Charles W. Walworth $3,600. For the purpose of computing the income of the taxpayer for the year 1919, this should be treated as a sale of 36 shares at $100 a share; the cost to the taxpayer of those shares was $28.50 a share. In 1920, the taxpayer sold 32 shares to Charles W. Walworth at $100 a share and derived a profit of $71.50 a share upon such sale.

At the hearing the taxpayer moved to amend his petition by having an alleged excess payment of income tax for the year 1917, in the amount of $2,516.64, credited against any deficiency which might be found to be due from the taxpayer for either of the years 1918 or 1919. The taxpayer alleged that a claim for the refund of the overpayment of tax for the year 1917 had been filed with the Commissioner within five years from the date of the payment of the tax, and that under the decision of this Board in *Appeal of Hickory Spinning Company*, 1 B. T. A. 409, the taxpayer was entitled to the credit. Counsel for the Commissioner did not admit the filing of a claim for the refund within five years from the date of the payment of the tax, and the taxpayer adduced no proof of the filing within such period. In the absence of information upon this point, the request for the credit must be denied. The question whether the Board would have jurisdiction to allow such credit in computing the net deficiency provided the filing of the claim for refund within the five-year period had been proven, is not herein determined.

------

APPEAL OF THE ANTHRACITE TRUST CO., ADMINISTRATOR, ESTATE OF JOHN JOSEPH BROWN, DECEASED.

Docket No. 4947.   Submitted December 12, 1925.   Decided January 28, 1926.

*L. E. Renard, Esq.*, for the taxpayer.
*Frank T. Horner, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency of $3,888.78 in estate tax, of which $2,622.50 is in controversy. The tax in controversy arises from the action of the Commissioner in increasing the value of 250 shares of stock of the Pittston Coal Mining Co., owned by the decedent at the time of his death, from $230 a share, as now claimed by the administrator, to $500 a share.

FINDINGS OF FACT.

The Anthracite Trust Co. is the qualified and acting administrator of the estate of John Joseph Brown, deceased. At the time of his

death the decedent was the owner of 250 shares of the capital stock of the Pittston Coal Mining Co., located near Scranton, Pa., the remaining 750 shares of said stock being owned by M. W. O'Boyle. The stock had always been closely held, and was not listed on any exchange; it was not quoted by any local brokers, and there had been no sales thereof prior to the decedent's death on March 20, 1923. Soon after the decedent's death the administrator asked for bids from local brokers and others for the stock, but it did not receive what it regarded as a substantial bid until January, 1924, when a bid of $110 a share was received. The administrator thereupon caused an investigation to be made to determine the fairness of the offer of $110 a share, and was furnished a balance sheet by the Pittston Coal Mining Co., showing the stock to have a value of $110 a share, whereupon the offer of the persons in control of the Pittston Coal Mining Co. to purchase 150 shares at $110 a share was accepted by the administrator, the remaining 100 shares being sold to the heirs of the decedent at $110 a share. On April 30, 1924, the administrator came into possession of facts indicating that the information furnished it concerning the value of the stock of the Pittston Coal Mining Co. was incorrect, and took steps to have the purchasers of the stock pay an additional amount per share for the stock, based upon a correct statement of the assets and liabilities, as shown by the books on March 20, 1923, as follows:

ASSETS.

| | |
|---|---|
| Cash | $89,290.89 |
| Due from Pittston Coal Sales Co | 134,335.57 |
| Due from M. W. O'Boyle | 44,090.22 |
| Automatic Telephone Co. bonds | 60,000.00 |
| Liberty bonds | 121,800.00 |
| Machinery and equipment | 69,141.32 |
| Total | 518,658.00 |

LIABILITIES.

| | |
|---|---|
| Bills payable | $30,833.33 |
| Capital | 100,000.00 |
| Surplus | 387,824.67 |
| Total | 518,658.00 |

As a result the purchasers of the 150 shares and the 100 shares, at $110 a share, paid to the administrator in January, 1925, an additional sum of $120 a share. On May 2, 1925, the purchaser of 100 shares of the stock from the administrator sold the same for $230

a share. The net profits of the Pittston Coal Mining Co. for the years 1918 to 1923, inclusive, were as follows:

| | |
|---|---:|
| 1918 | $55, 070. 04 |
| 1919 | 96, 604. 16 |
| 1920 | 142, 914. 32 |
| 1921 | 75, 455. 08 |
| 1922 (when there was a strike for 6 months of the year) | 34, 036. 95 |
| 1923 | 118, 207. 77 |

As of March 20, 1923, the Pittston Coal Mining Co. had almost exhausted its recoverable coal.

The administrator filed an estate-tax return on March 13, 1924, and included the 250 shares of stock of the Pittston Coal Mining Co. at a valuation of $27,500, or $110 a share. The Commissioner fixed its value at $500 a share. The value of the 250 shares of stock at the time of the decedent's death was $400 a share.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, under Rule 50.

---

## APPEAL OF STAR ELECTRIC CO.

Docket No. 4185.   Submitted October 27, 1925.   Decided January 28, 1926.

*Myron J. Stone* for the taxpayer.
*L. C. Mitchell, Esq.*, for the Commissioner.

### Before SMITH, LITTLETON, and TRUSSELL.

This appeal is from the determination of a deficiency in income and profits tax for the year 1920 in the amount of $1,811.47. The question in issue is the right of the taxpayer to deduct from the gross income of 1920 an amount of $6,969.51, representing expenditures for partitions and other interior alterations upon property leased by the taxpayer for a term of 10 years.

### FINDINGS OF FACT.

The taxpayer is a Massachusetts corporation, with its principal office at Worcester. The lease upon the premises in which its business was carried on expired in 1920 and it was required to seek other quarters. It leased a store and a cellar in the locality of its former store for a period of 10 years from February, 1920. To fit this store properly for the transaction of its business, which is that of electrical